**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 09-4632**

─────────────

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

RUFINO LOREDO-MENDEZ,

                    Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of
South Carolina, at Greenville.  G. Ross Anderson, Jr., Senior
District Judge.  (6:09-cr-00447-GRA-1)

─────────────

Submitted:  July 30, 2010          Decided:  September 9, 2010

─────────────

Before NIEMEYER, SHEDD, and DUNCAN, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Henry C. Su, HOWREY LLP, East Palo Alto, California, for
Appellant.  Maxwell B. Cauthen, III, Assistant United States
Attorney, Greenville, South Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rufino Loredo-Mendez pled guilty to one count of being an alien present in the United States without permission who was previously deported after having committed an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b)(2) (2006). He was sentenced to the low end of the properly calculated Sentencing Guidelines, forty-one months' imprisonment. Counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying there are no meritorious issues but raising for the court's consideration: (1) whether the guilty plea was knowing and voluntary; (2) whether the district court erred by not personally addressing Loredo-Mendez; (3) whether the sentence was procedurally unreasonable because the district court failed to provide an individualized assessment of Loredo-Mendez' circumstances and because the court failed to consider factors mitigating the likelihood of recidivism; and (4) whether Loredo-Mendez received ineffective assistance of counsel at the plea and sentencing stages. Loredo-Mendez filed a pro se supplemental brief claiming defense counsel was not effective during several portions of the proceedings and he was not properly informed of the consequences of his guilty plea. He also claims that the sentence was unfair and he should have been placed on probation given the favorable factors. The Government did not file a brief.

2

We have reviewed Loredo-Mendez' change-of-plea hearing and conclude that the district court substantially complied with Rule 11 of the Federal Rules of Criminal Procedure. Because Loredo-Mendez did not move in the district court to withdraw his guilty plea, any error in the Rule 11 hearing is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 525-26 (4th Cir. 2002). To establish plain error, he "must show: (1) an error was made; (2) the error is plain; and (3) the error affects substantial rights." United States v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009) (reviewing unpreserved Rule 11 error). "The decision to correct the error lies within [this court's] discretion, and [the court] exercise[s] that discretion only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. at 343 (internal quotation marks omitted).

We note that during the change-of-plea hearing, the district court personally addressed Loredo-Mendez and that Loredo-Mendez was fully informed of the possible consequences of his plea. It is clear from the record Loredo-Mendez' guilty plea was knowing and voluntary and any omission by the district court during the Rule 11 hearing did not affect Loredo-Mendez' substantial rights. We therefore affirm his conviction.

This court reviews a sentence for reasonableness, considering both procedural and substantive reasonableness.

3

*Gall v. United States*, 552 U.S. 38, 51 (2007).  We must first ensure that the district court did not commit any "significant procedural error," such as failing to properly calculate the applicable guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, or failing to adequately explain the sentence.  Id.  The district court is not required to "robotically tick through § 3553(a)'s every subsection." *United States v. Johnson*, 445 F.3d 339, 345 (4th Cir. 2006).  However, the district court "must place on the record an individualized assessment based on the particular facts of the case before it. This individualized assessment need not be elaborate or lengthy, but it must provide a rationale tailored to the particular case at hand and adequate to permit meaningful appellate review." *United States v. Carter*, 564 F.3d, 325, 330 (4th Cir. 2009) (internal quotation marks, footnote, and citation omitted). This is true even when the district court sentences a defendant within the applicable guidelines range.  Id.

The standard of review this court employs when reviewing the procedural adequacy of a sentence on appeal depends on whether the error asserted was properly preserved in the district court.  If the error is asserted for the first time on appeal the Court simply reviews for plain error.  *United States v. Lynn*, 592 F.3d 572, 576-77 (4th Cir. 2010).  We note counsel did not request a particular sentence, but simply

4

described some of Loredo-Mendez' positive features. We further note neither counsel nor Loredo-Mendez drew arguments based upon the sentencing factors in 18 U.S.C. § 3553(a) (2006) in seeking a sentence different from the one ultimately imposed. Lynn, 592 F.3d at 578. Thus, we review the court's decision to sentence Loredo-Mendez at the low end of the Sentencing Guidelines for plain error. We conclude that the court's very brief sentencing statement, in which it indicated it considered the advisory Guidelines and the statutory sentencing factors, did not violate Loredo-Mendez' substantial rights. See United States v. Hernandez, 603 F.3d 267, 272 (4th Cir. 2010) (stating the minimum a court must indicate it has considered prior to imposing case in which there was no request for a below Guidelines sentence). There is no indication that had counsel argued for a sentence lower than the minimum under the Guidelines, the court would have granted such based on the positive factors stated by counsel. See United States v. Washington, 404 F.3d 834, 843 (4th Cir. 2005) (substantial rights violated when it could be shown that but for the error, the sentence would have been less than what was ordered by the court). Thus, we affirm Loredo-Mendez' sentence.

Several of Loredo-Mendez' appellate arguments concern the effectiveness of his counsel. Such claims are generally not cognizable on direct appeal. United States v. King, 119 F.3d

5

290, 295 (4th Cir. 1997). Rather, to allow for adequate development of the record, a defendant must bring his claim in a 28 U.S.C.A. § 2255 (West Supp. 2010) motion. See id.; United States v. Hoyle, 33 F.3d 415, 418 (4th Cir. 1994). An exception exists when the record conclusively establishes ineffective assistance. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999); King, 119 F.3d at 295. In this case, the record does not conclusively show counsel's performance was deficient.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Loredo-Mendez' conviction and sentence. This court requires that counsel inform Loredo-Mendez, in writing, of the right to petition the Supreme Court of the United States for further review. If Loredo-Mendez requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Loredo-Mendez. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

6